IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Lynch, III,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Byron Bibbs, Monica Norman, Dion Gaines, and Annequeta Wideman,<br><br>　　　　　　　　Defendants. | C/A No. 9:22-cv-2494-JFA<br><br>**OPINION AND ORDER** |

**I.      INTRODUCTION**

Plaintiff James Lynch, III, ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated within the South Carolina Department of Corrections ("SCDC"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Defendants' motion for summary judgment. (ECF No. 67).

After reviewing the motion for summary judgment and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the motion for summary judgment should be denied. (ECF No. 85). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

1

Defendants filed objections to the Report on October 10, 2023. (ECF No. 88). Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150,

2

at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore, no further recitation is necessary here. (ECF No. 85). In short, Plaintiff, a prisoner, alleges that the four defendant correctional officers used excessive force by throwing him into a wall and separately beating, punching, and kicking him. Plaintiff avers Defendants violated his eighth amendment rights by maliciously using this force in retaliation as he was previously accused of sexually

assaulting a corrections officer.[1] Defendants deny any force was used other than the slight force needed to remove Plaintiff's clothing which they collected as evidence of the alleged assault.

In response to the Report, Defendants lodge two interrelated objections. In general, Defendants aver that, based upon the photos of Plaintiff after the alleged excessive force events, no reasonable juror could ever conclude that more than de minimus force was utilized by Defendants against Plaintiff.

Within their first objection, Defendants state that "no reasonable jury could find in Plaintiff's favor based on the evidence before the Court." (ECF No. 88, p. 1). Defendants submit that the photographs[2] of Plaintiff's body following this incident are evidence of undisputed authenticity which show Plaintiff's version of events is false. Essentially, Defendants argue that Plaintiff's exterior physical injuries are so minor that no juror could believe he was punched, kicked, or stomped.

However, Defendants fail to reference the portion of the Report which directly addresses this argument. Specifically, the Report notes:

> Defendants' argument that Plaintiff's injuries were "minor" or that they were the result of Plaintiff's alleged sexual assault of Victim improperly asks this Court to weigh and draw inferences from the evidence. Furthermore, the "minor" nature of Plaintiff's injuries does not categorically exclude a finding by a reasonable jury that the force used was more than de minimus.

(ECF No. 85, p. 11-12).

---

[1] Plaintiff admits to sexual contact with the corrections officers but claims it was consensual.

[2] The photographs show an abrasion to the Plaintiff's arm and a small cut on his wrist where his handcuffs were located.

In a footnote, the Magistrate Judge further explained:

> Indeed, the objective component is satisfied—regardless of the extent of the injury—if the force used is more than de minimus. *See Dean*, 984 F.3d at 303 (noting that "[a]lthough we once considered the severity of an inmate's *injuries* under the objective component, the Supreme Court has clarified that what matters is the severity of the *force* employed" (emphasis in original) (citing *Wilkins*, 559 U.S. at 39)). Thus, Defendants' suggestion to focus on the injuries, rather than the force used, is misplaced. *See Wilkins*, 559 U.S. at 38 ("Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.").

(ECF No. 85, p. 12 n.9).

Defendants' objection here amounts to a mere disagreement with the Magistrate Judge's plain application of black letter law to the disputed issues. Defendants would have this court review the photos of Plaintiff's exterior injuries and draw an indisputable conclusion that only de minimus force was used. Defendants further aver that a "reasonable jury could conclude that the force was used in a good faith effort to maintain or restore discipline." This is true—a jury could believe Defendants' version of events. The problem is that Defendants' request is before the court on a motion for summary judgment and not before a jury at trial. Thus, Defendants have yet again asked the court to weigh the evidence and decide in their favor. However, the genuine issues of fact must be construed in Plaintiff's favor and, thus, his version of events must be credited.

Apart from the fact that injuries and the force that caused them are "imperfectly correlated," Defendants ignore the record evidence wherein medical personnel later noted abrasions on Plaintiff's mid back, scalp, and lower left buttock, tenderness in left shoulder and tenderness in both knees, but no effusion or bruising. (ECF No. 67-6, p. 3). Although

5

not visible in the photos provided, reports of tenderness in Plaintiff's shoulder and knees certainly advance his argument that excessive force was utilized.

As base, Defendants would have this court determine the level of force used based solely on a series of photos showing relatively minor exterior injuries, all while ignoring Plaintiff's accounts of being punched, kicked, beaten, and thrown into a wall. However, when adjudicating a motion for summary judgment, the court must construe the contested evidence in Plaintiff's favor. Although Defendants' proffered photos call into question the extent of Plaintiff's physical injuries, they do little to shed light on the actual type or amount of force used against Plaintiff. In contrast, Plaintiff has presented evidence that he was beaten, punched, kicked, and thrown into a wall. Thus, a genuine issue of fact exists which must be construed in Plaintiff's favor. Accordingly, the Magistrate Judge was correct in denying Defendants' motion for summary judgement.

Within their second objection, Defendants argue that "'undisputed authenticity' of Plaintiff's photographs demonstrate the force used was de minimis and insufficient to establish a constitutionally valid claim of excessive force." (ECF No. 88, p. 3). This objection appears to be an extension of the first objection discussed above. Specifically, Defendants again assert that "[n]o reasonable jury could conclude that the force used on Plaintiff was more than de minimis. Plaintiff has failed to demonstrate that excessive force was used or that his resulting injuries rise to the level of a constitutional violation." (ECF No. 88, p. 3). Defendants conclude that Plaintiff has failed to satisfy the objective component of an excessive force claim.

However, as the Report stated:

> To establish a constitutional excessive force claim, an inmate must establish both an objective and subjective component. *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). "The objective component asks whether the force applied was sufficiently serious to establish a cause of action." *Id*. This is not a high bar: "as long as the force used is more than de minimis, the objective component is satisfied, regardless of the extent of the injury." *Dean v. Jones*, 984 F.3d 295, 303 (4th Cir. 2021).

(ECF No. 85, p. 11).

It appears the Defendants are again focusing on the extent of Plaintiff's injuries when the inquiry must be directed at the level of force utilized to cause those injuries. A bar which is admittedly not high. Thus, Defendants' objection misses the mark. As the Magistrate Judge correctly noted, "[a]s to the objective component, viewing Plaintiff's statements, the medical records, and the photographs in the light most favorable to Plaintiff, a reasonable jury could infer any force that may have been used on Plaintiff was more than de minimus." (ECF No. 85, p. 11). Accordingly, Defendants' motion for summary judgment must be denied.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Defendants specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 85). For the reasons discussed above and in the Report, Defendants' motion for summary judgment is denied.

IT IS SO ORDERED.

February 8, 2024                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge